**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000565
09-DEC-2016
09:19 AM**

NO. CAAP-16-0000565


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DTRIC Insurance Company, Limited
Plaintiff/Counterclaim-Defendant/Cross-Claim Defendant/Appellee
v.
Hawaii Community Development Authority
Defendant/Counterclaim-Plaintiff/Appellee

---

Hawaii Community Development Authority
Third-Party Plaintiff/Third-Party Counterclaim-Defendant/Appellee
v.
Mitsunaga & Associates, Inc.
Third-Party Defendant/Third-Party Counterclaim-Plaintiff/
Cross-Claim Plaintiff/Appellant
and
Hudson Insurance Company
Third-Party Defendant/Appellee

---

Mitsunaga & Associates, Inc.
Third-Party Plaintiff/Appellant
v.
Close Construction, Inc.
Third-Party Defendant/Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-1585)

ORDER
(1) DISMISSING APPELLATE COURT CASE NUMBER
CAAP-16-0000565 FOR LACK OF APPELLATE JURISDICTION
AND
(2) DISMISSING AS MOOT THE
OCTOBER 18, 2016 MOTION TO CONSOLIDATE APPEALS
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Third-Party Defendant/Third-Party Counterclaim-Plaintiff/Cross-Claim Plaintiff/Third-Party Plaintiff/Appellant Mitsunaga & Associates, Inc.'s (Appellant Mitsunaga & Associates) appeal from the Honorable Karen T. Nakasone's July 13, 2016 judgment as to one or more but fewer than all claims or parties pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP), because the July 13, 2016 HRCP Rule 54(b)-certified judgment does not satisfy the specificity requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015), HRCP Rule 54(b), HRCP Rule 58 and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and

-2-

HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008); <u>Bailey v. DuVauchelle</u>, 135 Hawaiʻi 482, 489, 353 P.3d 1024, 1031 (2015). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338. Furthermore,

> <u>if a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered</u>, and (ii) dismiss any claims not specifically identified[.]

<u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338 (emphases added).

> For example: "<u>Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint.</u>" . . . . If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

<u>Id.</u> at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

The instant case involves multiple claims and multiple parties. The various multiple parties have asserted twenty-one separately enumerated counts through six separate pleadings. The July 13, 2016 HRCP Rule 54(b)-certified judgment

    (1)    purports to enter judgment in favor of Appellee DTRIC and against Appellee Hawaii Community Development Authority and Appellant Mitsunaga & Associates, but without sufficiently specifically identifying which claim or claims among the parties' twenty-one enumerated counts on which the circuit court intends to enter judgment, and

(2) purports to enter judgment in favor of Appellee Hawaii Community Development Authority and against Appellee DTRIC, but without sufficiently specifically identifying which claim or claims among the parties' twenty-one enumerated counts on which the circuit court intends to enter judgment.

Without sufficiently specifically identifying, on its face, the claim or claims on which the circuit court intends to enter judgment, the July 13, 2016 HRCP Rule 54(b)-certified judgment fails to satisfy the specificity requirements for an appealable final judgment in a multiple-claim case under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58 and the holding in Jenkins, even though the circuit court certified this judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). When interpreting the requirements (including the requirement to specifically identify the claim or claims) for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). Absent an appealable final judgment that specifically identifies the claim or claims on which the circuit court intends to enter judgment, we lack appellate jurisdiction, and this appeal is premature. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000565 is dismissed for lack of appellate jurisdiction.

-4-

IT IS FURTHER HEREBY ORDERED that Appellee DTRIC's October 18, 2016 motion in Case No. CAAP-16-0000565 to consolidate appellate court case numbers CAAP-16-0000564 and CAAP-16-0000565 is dismissed as moot.

DATED: Honolulu, Hawai'i, December 9, 2016.

Craig H. Nakamura
Chief Judge

Associate Judge

Lawrence M Reifurth
Associate Judge